JOHNSON, Acting Chief Judge.
This appeal is from an order dismissing, with prejudice, the Sheriff of Duval County, Florida, from this suit as one of the defendants.
The complaint was filed naming a Deputy Sheriff and the Sheriff of Duval County, Florida, as defendants. A motion to dismiss as to the Sheriff was filed in which it is alleged that the .complaint fails to allege a cause of action against the Sheriff on the ground that the Sheriff has no individual liability therein and was not vicariously liable for the acts of his Deputy, the other named defendant in this cause.
The trial court construed Section 19.05 of the Charter of the Consolidated City of Jacksonville (Chapter 67-1320) as having the effect of providing that deputy sheriffs are within the Civil Service Provision of the Charter and not directly under the employment or control of the Sheriff, and that this Charter supersedes Section 30.07, F.S.A. We can agree with the trial court to a certain extent, but there are circumstances which would provide an exception to the trial court’s construction. The circumstances in this case may be one of the exceptions.
The Charter in question does not exactly spell out the construction placed thereon by the court; but Section 8.01, according to the brief of appellee at pages 3 and 4, alleges that the Sheriff shall be the chief executive officer of the Sheriff’s Office and have the following powers and duties:
“(d) To be the sole appointing authority for members of the Sheriff’s Office and civilian employees of the Sheriff’s Office subject to civil service laws applicable to the city. (Emphasis supplied.)
“(j) To dismiss without cause any member of the Sheriff’s Office who has not served over one year . . .” (Emphasis supplied.) ■
We think the law is well-settled and common sense indicates that a deputy sheriff is a “member” of the Sheriff’s Office. Was the deputy in this case a member who had less than one year of service? The record is silent on this, but, under the broad construction given by the Court as to Section 19.05, supra, the facts in this case could render the deputy subject to the control of the Sheriff, and therefore liable for the acts of said deputy. We don’t believe that the Office of Sheriff as found in the Dade County Home Rule Charter is analogous to the Office in Du-val. In fact, in the Duval or Jacksonville Charters, as well as the Constitution, it is specifically set out that the Office of Sheriff, shall not be abolished.
Also, there is raised another question of liability by Article 8, Section 8.01 of the Consolidated City Charter wherein it is provided:
“The sheriff shall be responsible for the performance of duties imposed upon the sheriff of Duval County by the Constitution or by the general or special laws of Florida! and shall be responsible for the management, operation and control of law enforcement and traffic safety in the consolidated government.”
We have heard the oral arguments and have read and studied the respective briefs as well as the brief record and are of the opinion, and so hold, that the trial court was probably premature in entering his order of dismissal and that without the answer to the questions raised in this opinion, the order appealed from should be and *780 is reversed and the cause remanded to the trial court for further hearing in line with the tenor of this Opinion.
Reversed and remanded for further action.
STEWART, LEON F., Associate Judge, concurs.
BOYER, J., specially concurs.